HEBARD *v.* REEVES.

1. ADMISSIONS—CONCLUSIVENESS—EQUITY.

Evidence that defendant, who was sought to be held liable to his daughter, upon a bill in chancery, as trustee of bonds and mortgages transferred to him by his deceased wife, testified, in an action against him by a creditor, that he had received from his wife bonds and mortgages to a specified amount, while competent against him, is not conclusive, and a finding, based upon other competent evidence in the subsequent proceeding, that the amount received was less than that testified to by him, is permissible.

2. TRUSTS—PAYMENT—ADVANCEMENT.

A father, who was trustee for his daughter of a portion of his deceased wife's estate, offered to deed to her certain lands to apply on her interest therein. The deed was executed and sent to the daughter, with a request for a receipt. Subsequently a receipt was forwarded for her signature, which stated that the amount received of the father was to apply on the daughter's share in her mother's and his estate. The receipt returned stated that the amount was to be applied on her share in her father's estate. *Held,* that the daughter had no right to claim the amount as an advancement, but that it should be credited to the father on his obligation as trustee.

Appeal from Kent; Adsit, J. Submitted January 15, 1897. Decided March 23, 1897.

Bill by Fanny E. Hebard against Andrew J. Reeves and others to enforce an alleged trust. From a decree dismissing the bill, complainant appeals. Affirmed.

*Carroll & Burns* ( *H. J. Felker,* of counsel ), for complainant.

*H. E. Thompson,* for defendants.

MONTGOMERY, J.    This is a bill filed to enforce a trust claimed to have been created by Rachel Reeves, formerly

the wife of Andrew J. Reeves, in favor of complainant, who is a daughter of Andrew J. Reeves and Rachel Reeves, and in favor of her three brothers. The other defendants were joined under the claim in the bill that they had received into their possession portions of the trust fund. The theory of the bill is that the defendant Andrew J. Reeves received from Rachel Reeves, in her lifetime, a transfer of her estate, consisting of moneys, notes, bonds, and mortgages, in trust for her children, and the claim is that this sum amounted to $20,000 or thereabouts. The evidence in the case shows that Andrew J. Reeves was married to the deceased, Rachel Reeves, in 1856; that at that time he was worth in the neighborhood of $10,000; that his wife had no property except a claim against the estate of a guardian, upon which she afterwards received, or the defendant Reeves received for her, in 1862, $900. The defendant Reeves established himself in the city of Grand Rapids, as an attorney, in 1864, and continued in practice there many years, holding the office of prosecuting attorney for two terms; but in later years he devoted his attention principally to loaning money. For a number of years he was accustomed to take mortgages in the name of his wife, and in the year 1879 an assignment of a large number of mortgages was made to him by her. We have no doubt that the competent evidence in the case justifies no other conclusion than that these mortgages, at the time they were assigned, were the property of Mrs. Reeves. The defendant Reeves so testified in the proceeding in the United States court hereinafter referred to, and, aside from this, the presumption would be, in the absence of proof, that, if he placed loans and took mortgages in the name of his wife, a gift was intended. It is not improbable that there may have been other reasons for taking the mortgages in her name, and it is possible that the money may have been his, and so understood between the parties; but we do not think, upon the competent testimony, that we are justified in so finding.

The case must turn upon two questions:

*First.* The amount of these mortgages so held and assigned by deceased to defendant Reeves.

*Second.* Whether defendant Reeves has paid complainant an amount equal to her share.

Complainant relies mainly, in making her case, upon the testimony given by defendant Reeves in an action brought by one Deborah Tomkins in the United States court, in 1887. On that trial, defendant Reeves testified that he had received from his wife bonds and mortgages to the amount of $20,000. This is the only testimony which the complainant offers which tends to fix the amount, although there was corroborative testimony that there were mortgages in her name. The defendants, on the other hand, have furnished specific evidence from the records in the office of the register of deeds, which, if inaccurate, could be easily disproved, showing that the amount assigned in 1879, at the time of the general assignment of mortgages to defendant Reeves by his wife, was about $10,030; and we are convinced, upon the whole record, that this testimony fairly represents the amount.

In 1888 defendant Reeves deeded to his daughter, the complainant, a house and lot in the city of Grand Rapids, at the agreed price of $6,000. She held a small note against him amounting to $70. Defendant Reeves testifies (and is corroborated by his son in the statement) that, after the death of Rachel Reeves, complainant spoke to him about the estate of her mother, and that at one time he stated to her that, if she desired, he would deed this house and lot to apply on her interest in her mother's estate. There was no other consideration for the deed than this, and, some time after this alleged conversation, defendant Reeves wrote complainant in regard to the house and lot:

"I will deed it over to you as soon as I receive a letter from you that you will take it, and have it charged up to you at $6,000, less my note for the money you loaned to

me, which I should want you to forward to me by return mail."

Complainant replied that she would like the old home, and a deed was prepared and forwarded by mail, with a request that she send a receipt for $5,930. The receipt was not inclosed with this letter, but subsequently a letter was written from defendant Reeves to her, inclosing a receipt, which read: "Received of A. J. Reeves $5,930, in real estate in Grand Rapids, to apply on my share in my mother's and his estate." Complainant did not see fit to sign this receipt, but, instead, wrote one stating that the amount was to be applied on "my share in my father's estate."

We think the complainant should be charged with the value of this property, to apply upon her interest in her mother's estate. The letter from her father to her contained no suggestion that this was to be charged up as an advancement, and the only obligation which the law would recognize upon which it could be charged was that of her father as trustee. As before stated, there were four children, each entitled to a one-fourth interest of the fund intrusted to defendant Reeves. Upon any basis of computation, allowing the highest rate of interest which it could be assumed was obtainable, we think the fund which is shown by the evidence to have been actually transferred did not amount, at the time of the conveyance, to more than about $17,000, so that it would appear that complainant has received more than her share of her mother's estate. It is true, this conclusion is reached notwithstanding the testimony of defendant Reeves, given on the trial of the Tomkins case, shows that there was a larger sum in his hands; but we think it is based upon the best evidence adduced before the learned circuit judge, and the mistake, recklessness, or even willful misstatements of defendant Reeves on that trial would not justify the court in ignoring the actual facts, as they are shown upon the record. While his admissions are com-

petent evidence against him, no element of estoppel is present.

The decree will be affirmed.

The other Justices concurred.